Juana Jovita, Emilia, Angela y Joaquín Pastrana y Saturnino Matos, demandantes y apelantes, *v.* Central Pasto Viejo, Inc., demandada y apelada.

No. 3844.—*Sometido:* Marzo 14, 1928. *Resuelto:* Abril 5, 1929.

*Arturo Aponte, Jr.,* abogado de los apelantes; *Henry G. Molina* y *Francisco González,* abogados de la apelada.

El Juez Asociado Señor Texidor, emitió la opinión del tribunal.

Esta es una apelación contra sentencia de la Corte de Distrito de Humacao, en procedimiento de *injunction* para recobrar posesión.

Los demandantes alegan ser los poseedores de una finca rústica en el barrio de Río Abajo de Humacao, y que la demandada les había privado, en 2 de octubre de 1922, de la posesión de tres porciones de terreno, parte de esa finca. La demandada alegó en contestación que los demandantes no poseían la finca, y que ella no les había privado de poseer terreno alguno.

Oído el caso por la corte, después de larga prueba, dictó

aquélla su sentencia declarando sin lugar la demanda. Esta sentencia es la apelada.

La parte apelante señala tres errores que estudiaremos.

El primer señalamiento de error, es como sigue:

"La Corte de Distrito de Humacao erró al admitir cierto documento en evidencia."

El documento a que la parte apelante se refiere, es una declaración jurada, suscrita por Susano Dávila ante el notario don Luis Toro Cabañas, en 27 de abril de 1923, y que aparece a los folios 142 a 145 de la transcripción. En ella el declarante relata que fué llamado por don Arturo Aponte para mensurar una porción de terreno en "Santa Teresa" en Humacao, que fué al sitio y practicó la mensura, y expresa los resultados de la misma y la separación que hizo de dos cuerdas de terreno, que se entregaron a Saturnino Matos.

Según resulta de la transcripción, esa declaración jurada fué presentada como refutación; no se hizo el ofrecimiento de la prueba, que diera oportunidad a la parte adversa para examinarla, sino que se presentó la declaración; la parte demandante objetó la admisión de esa evidencia, por impertinente, y por no tratarse de una deposición en forma, ni del examen de un testigo con oportunidad para repreguntarle. Y la corte admitió el documento, con la excepción que tomó la parte demandante.

Como la parte apelante ahora sostiene que esa declaración fué suscrita siete meses antes del juicio oral, hemos acudido a la exposición del caso, y por ella vemos (página 32 del record) que el caso empezó a verse el día 23 de noviembre de 1923. Se nota asimismo que de la declaración jurada aparece que el declarante es vecino de Humacao.

Indudablemente, y de acuerdo con el espíritu del artículo 20 de la Ley de Evidencia, en el que se establece que un

testigo sólo puede ser oído bajo juramento o afirmación, y sólo en presencia de las partes, y sujeto al examen de éstas, no cabe admitir, en concepto de testimonio, salvo casos excepcionales, y expresos en la ley, una declaración jurada, que impide el ejercicio del derecho de contra-interrogar al que la prestó. El sistema de admitir tales declaraciones, constituiría un grave peligro en los juicios, y una contravención al derecho de los litigantes. No se atenúan tales peligros y contravención, con el uso de un procedimiento que no podemos aceptar como bueno; el de admitir la prueba a reserva de considerarla, o no, en definitiva, o para darle el valor que proceda. No es éste el criterio aceptable. El juez que preside en el juicio de un caso, debe estar dispuesto a resolver, en el momento, los problemas de procedimiento y de evidencia que allí surjan, y de cuya inmediata resolución surge la determinación del camino que las partes litigantes han de seguir en el caso.

Con todo, para resolver un caso de *injunction* para recobrar la posesión, la declaración jurada de que se trata, tiene muy escasa, o ninguna importancia. Y en el caso presente podemos decir que no ha tenido ninguna; por lo que el error cometido por la corte no es en esta apelación, suficiente para la revocación.

El segundo señalamiento de error dice así:

"La corte inferior erró al resolver que los demandantes no tienen derecho a un *injunction* por estar la colindancia sur confundida. A este respecto sostenemos que la sentencia es contraria a derecho y a la prueba."

Y el tercer señalamiento dice así:

"El tribunal *a quo* erró al resolver que los demandantes no tenían derecho a ser amparados en la posesión del fundo mediante el recurso de *injunction*. A este respecto alegamos también que la sentencia es contraria a derecho y a las pruebas."

En este caso la demanda se ha fundado en que la parte demandante es la poseedora de cierta finca, y que la deman-

dada le ha tomado violentamente, por medio de unas cercas que ha puesto, tres porciones de terreno de la citada finca, cuyas porciones se describen como una faja de terreno al límite Norte, y otras dos en los límites Sur y Oeste.

La contestación niega los hechos esenciales, y alega que la demandada cercó una parte de su finca "Santa Teresa", sin tomar para ello, finca o parte de finca, de los demandantes.

La contienda judicial aquí versa sobre la posesión de varias fajas de terreno.

En la opinión encontramos lo que sigue:

"Los terrenos de los demandantes Juana Jovita, Emilia, Angela y Joaquín Rafael Pastrana y Saturnino Matos están confundidos, a pesar de haberse descrito las dos cuerdas de este último en la escritura de 2 de octubre de 1917 y de decirse en la de 2 de abril de 1921 que las mismas habían sido segregadas, pues no ha habido tal segregación del resto de la finca Pastrana, según declaró el propio Saturnino Matos. Y asimismo estima este tribunal que los terrenos de la finca Pastrana, entre los que están las dos cuerdas de Saturnino Matos, también están confundidos con los terrenos de la demandada Central Pasto Viejo, Inc., pues no ha habido un verdadero deslinde de las propiedades y fijación de puntos por ambas partes."

En realidad, y aunque de una manera un tanto nebulosa, aquí se halla la razón fundamental de la sentencia. La parte demandante tenía que probar cuál era la finca de cuya posesión se trataba; y a juicio del juez de distrito, no lo probó, ya que se declara que las fincas de la demandante y las de la demandada se encuentran confundidas, es decir, que, no se puede determinar cuál es la de cada parte en el litigio. El juez de distrito no ha dado crédito a los testimonios de Perfecto Rodríguez y otros, y la solución dada al caso así lo demuestra. Hemos estudiado la prueba, y no encontramos que el juez de distrito haya cometido manifiesto error en su apreciación, ni la influencia de pasión, parcialidad o prejuicio.

■ En la opinión del juez inferior, encontramos un extremo que debe ser tratado en esta decisión. Dice el juez:

"En vista de esta situación, parece propio que las partes, bien amistosamente, o por medio de un procedimiento judicial, lleven a cabo un deslinde en forma, de sus propiedades, para que se coloquen los puntos en los límites ciertos de las heredades."

No estamos conformes con el juez de distrito. El caso es uno de *injunction* posesorio, y sobre la existencia de la posesión y de los hechos de perturbación o despojo debe versar la sentencia; y a esos extremos debe la opinión referirse. Cualquier consejo a las partes, acerca de otro procedimiento, es arriesgado, y puede, en un caso en el futuro, traer consecuencias imposible de prever cuando se da tal consejo.

No existe el error señalado bajo el número segundo. Y por las mismas razones, esto es, por faltar la prueba del hecho elemental de la posesión, no existe el tercer error señalado.

*La sentencia apelada debe ser confirmada.*